FILED
VANESSA L. ARMSTRONG, CLERK

NOV − 3 2020

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.

**JAMES S. FALLER II**

INDICTMENT

NO. 3:20-cr-105-DJH

18 U.S.C. § 2
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 1343
18 U.S.C. § 1505
28 U.S.C. § 2461

The Grand Jury charges:

COUNTS 1-2
(*Wire Fraud*)

1.     In or about and between December 2014 and May 2016, in the Western District of
Kentucky, Jefferson County, Kentucky, and elsewhere, defendant **JAMES S. FALLER II** and
others known and unknown to the Grand Jury, devised and intended to devise a scheme to defraud
investors in Med Holdings, Inc., MedShare, Inc., and MedPharmacy Inc. (collectively "the Med
Holdings companies"), and to obtain property belonging to the investors, by means of materially
false and fraudulent pretenses and promises, knowing that such pretenses and promises were false
when made, and for the purpose of executing said scheme, did knowingly transmit and cause to be
transmitted by means of wire, radio, and television communications in interstate commerce,
writings, signs, signals, pictures, and sounds, and aided and abetted others in doing so.  The term
"investors" refers both to individuals who purchased shares in the Med Holdings companies, as
well as individuals who made loans to the Med Holdings companies to fund the businesses.

2.      **JAMES S. FALLER II**'s spouse, T.F., was the chief executive officer of the Med Holdings companies. **JAMES S. FALLER II** described himself as the compliance consultant for the Med Holdings companies, though **JAMES S. FALLER II** was active in the management of the Med Holdings companies and in recruiting investors. From in or about December 2014 through in or about May 2016, defendant **JAMES S. FALLER II** was involved in the business development of the Med Holdings companies, including making representations to, selling shares to, and soliciting money from investors.

3.      From in or about and between December 2014 and May 2016, defendant **JAMES S. FALLER II**, in furtherance of the scheme to defraud investors in the Med Holdings companies, knowingly made the following material misrepresentations and omissions to investors in the Med Holdings companies, and aided and abetted others in doing so:

(a) Throughout the period, defendant **JAMES S. FALLER II** made false representations regarding how investor money would be spent:

1. Defendant **JAMES S. FALLER II** represented that investor funds would be used on business expenses for the Med Holding companies, such as business facilities, payroll, and products, when funds were actually used for personal expenses.

2. Defendant **JAMES S. FALLER II** represented that investor funds would be used on business expenses for the Med Holding companies, such as business facilities, payroll, and products, when the funds were actually used to pay back prior investors whose loans were past due.

3. Defendant **JAMES S. FALLER II** represented the investor funds would be used to purchase products for MedPharmacy, Inc. and to help grow

MedPharmacy, Inc., when the funds were actually used to cover existing payroll expenses and to pay for expenses related to other businesses.

(b) Defendant **JAMES S. FALLER II** misrepresented the financial position of the Med Holding companies by overstating assets and customer base.

(c) Defendant **JAMES S. FALLER II** promised investors a rate of return of 10% or more per annum. Investors were not repaid in accordance with these terms. Defendant **JAMES S. FALLER II** then failed to disclose to new investors that prior investors in Med Holdings companies who had been promised similar rates of return had not been paid in accordance with the terms of their loan agreements.

(d) Defendant **JAMES S. FALLER II** failed to disclose that he, **JAMES S. FALLER II**, and his wife, T.F., had filed for bankruptcy multiple times.

(e) Defendant **JAMES S. FALLER II** failed to disclose that he, **JAMES S. FALLER II**, had been charged and convicted of multiple felonies, including mail fraud, tax fraud, filing false documents, and tax evasion.

(f) Defendant **JAMES S. FALLER II** failed to disclose that MedShare, Inc. was using foreign-sourced dermal products that had not received approval from the Food and Drug Administration on clients; was using medical devices that had not been cleared by the Food and Drug Administration on clients; and the uncleared medical devices had been smuggled into the United States using false declarations.

4.      For the purpose of executing the above-described scheme to defraud, defendant **JAMES S. FALLER II** knowingly caused the following wire communications to be transmitted in interstate commerce:

3

| COUNT | DATE | DESCRIPTION OF WIRE |
|-------|------|---------------------|
| 1 | On or about March 4, 2016 | A.B. and T.B. wired $25,000 to the Med Holdings BB&T bank account ending in 5394, causing an interstate wire transaction from Louisville, Kentucky, to outside of Kentucky. |
| 2 | On or about March 9, 2016 | A check from A.B. was deposited into the Med Holdings BB&T bank account ending in 5394, causing an interstate wire transaction from Louisville, Kentucky, to outside of Kentucky |

In violation of Title 18, United States Code, Sections 2 and 1343.

The Grand Jury further charges:

## COUNT 3
### (*Obstruction of an FDA Proceeding*)

5.      On or about November 19, 2015, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **JAMES S. FALLER II**, did corruptly influence, obstruct, and impede, and did endeavor to corruptly influence, obstruct, and impede, the due and proper administration of the law under which a pending proceeding is being had before any department or agency of the United States, specifically an inspection by the Food and Drug Administration, by placing a sticker containing false and misleading information on a medical device, and aiding and abetting another in doing so.

In violation of Title 18, United States Code, Sections 2 and 1505.

## NOTICE OF FORFEITURE

6.      As a result of committing violations of Title 18, United States Code, Section 1343, as alleged in Counts 1 and 2 of this Indictment, the defendant shall forfeit to the United States any and all property, real and personal, that constitutes or is derived, directly and indirectly, from proceeds obtained as a result of this offense.

4

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461.

A TRUE BILL.

**Redacted**

FOREPERSON

RUSSELL M. COLEMAN
UNITED STATES ATTORNEY

RMC:AEG

UNITED STATES OF AMERICA v. **JAMES S. FALLER II**
### PENALTIES

Counts 1-2 (each count):  NM 20 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count 3: NM 5 yrs./$250,000/both/NM 3 yrs. Supervised Release
Notice of Forfeiture

### NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine.  Such fine is due _immediately_ unless the court issues an order requiring payment by a date certain or sets out an installment schedule.  You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court.  18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1.  **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    For offenses occurring after December 12, 1987:

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing.  This rate changes monthly.  Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2.  Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3.  Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

    If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both.  18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

      1.      That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

      2.      Give bond for payment thereof.

      18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN.85

No.

# UNITED STATES DISTRICT COURT
Western District of Kentucky
At Louisville

### THE UNITED STATES OF AMERICA

vs.

## JAMES S. FALLER II

### INDICTMENT

### COUNTS 1, 2
*Wire Fraud*
18 U.S.C. §§2 and 1343

### COUNT 3
*Obstruction of an FDA Proceeding*
18 U.S.C. §§2, 1505

### FORFEITURE

*A true bill.*

_____
*Foreperson*

*Filed in open court this 3rd day of November, 2020.*

**Redacted**

_____
*Clerk*

*Bail, $*

FILED
VANESSA L ARMSTRONG, CLERK

NOV − 3 2020

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY